## (July 3, 1979)

■ GERILYN BARR et al., Respondents, v COUNTY OF ALBANY et al., Appellants.—Motion for permission to appeal to the Court of Appeals granted, without costs. No issue of fact was considered by this court. Pursuant to CPLR 5713, this court certifies that the following question of law, decisive of the correctness of its determination, has arisen, which in its opinion ought to be reviewed by the Court of Appeals: "Did Special Term err as a matter of law in denying the motions of defendants, deputy sheriffs of Albany County, for summary judgment?" Mahoney, P. J., Greenblott, Staley, Jr., Mikoll and Herlihy, JJ., concur.

■ THE PEOPLE OF THE STATE OF NEW YORK ex rel ANDRE' LUCAS, Petitioner, v JOHN WILMOT, as Superintendent of Elmira Correctional Facility, Respondent.—Application, pursuant to CPLR 7002 (subd [b], par 2) for writ of habeas corpus, denied. Greenblott, J. P., Sweeney, Kane, Mikoll and Herlihy, JJ., concur.

## (July 5, 1979)

■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v ROBERTA FOWLER, Appellant.—Appeal from a judgment of the County Court of Albany County, rendered May 24, 1978, upon a verdict convicting defendant of the crime of criminal possession of a forged instrument in the second degree (two counts). Upon this appeal, the defendant contends that the trial court erred in denying her pretrial motion to suppress identification testimony of witnesses who participated in a photographic identification procedure. The record establishes that the police, while laudably exhibiting some 11 photographs of 10 different, but similar individuals to the eyewitnesses, included in each showing *two* pictures of the defendant. Such a suggestive procedure cannot be condoned and respondent's contention that the case of *People v Joyiens* (39 NY2d 197) is supportive of such procedure is unfounded. However, the record does not establish that the suggestive procedure was so prejudicial as to irreparably taint any in-court identification by the witnesses. The defendant attempts to limit the inquiry solely to the pretrial hearing, but the record includes the trial minutes which establish that the witnesses had ample face-to-face viewing of the defendant to establish an independent basis for a proper identification and the defendant makes no effort to show to the contrary. Judgment affirmed. Mahoney, P. J., Sweeney, Kane, Staley, Jr., and Herlihy, JJ., concur.